■ In the Matter of IRWIN ROSNER, Alleged to be a Mentally Retarded Adult. DAVID SEARLES et al., Appellants; MARILYN FERTO et al., Respondents.—Kane, J. Appeal from an order of the Surrogate's Court of Sullivan County (Hanofee, S.), entered December 3, 1986, which, *inter alia,* denied petitioners' application, in a proceeding pursuant to SCPA article 17-A, for appointment as coguardians of the person and property of Irwin Rosner.

In June 1986 petitioners commenced this proceeding, pursuant to SCPA article 17-A, seeking to be appointed as coguardians of Irwin Rosner. Rosner, who was born on February 15, 1956, is alleged to be mentally retarded and has resided for approximately the last 18 years in a facility that cares for retarded individuals.

Through their work, petitioners, who are husband and wife, apparently developed a close relationship with Rosner. In their petition, they charged that Rosner's mother, respondent Marilyn Ferto, had not visited her son for 16 years, only called to ask about him once a year and never spoke with him. In effect, they claimed that she had abandoned Rosner. It appears that Rosner's father is deceased. Petitioners also requested that a social worker be appointed to conduct an investigation.

Ferto opposed petitioners' application. She also cross-petitioned along with Rosner's aunt, respondent Yetta Lippen, for their appointment as Rosner's coguardians. Ferto and Lippen

(hereinafter collectively referred to as respondents) also sought the appointment of Lippen's son, Steve Lippen, as standby guardian. Both sides submitted documentation and affidavits in support of their respective positions.

Surrogate's Court, without holding a hearing, denied petitioners' application and appointed respondents as coguardians of Rosner. The court found that there was no showing that Ferto had abandoned Rosner and it also denied petitioners' request that a social worker be appointed. Petitioners appeal.

In our view, Surrogate's Court violated SCPA 1750 (2) (b) in failing to hold a hearing to consider petitioners' application. This provision clearly mandates a hearing on the application of a nonparent who lacks a parent's consent for appointment as guardian unless the court determines that the mentally retarded person has been abandoned. Here, petitioners were nonparents and they lacked Ferto's consent. Also, Surrogate's Court made clear its finding that there had been no abandonment. Additionally, although SCPA 1750 (1) (a) and (c) leave it to the court's discretion to hold a hearing when, inter alia, a parent or interested person having the parent's consent applies for appointment as guardian, we are of the opinion that in this particular case, a hearing was still required. Here, the parent (Ferto) and an interested person with the parent's consent (Lippen) did file a cross petition. However, there was no information presented on their qualifications. There was also no opportunity given to petitioners to substantiate their allegations of abandonment. Petitioners should have been able to bring witnesses before the court for examination and cross-examination so that their demeanor could be observed and the weight to be given the evidence could be better determined (see, 26 Carmody-Wait 2d, NY Prac § 155:17, at 681-682; see also, Matter of Wade C. v Rachael D., 78 AD2d 937).

Our conclusion is further supported upon examination of other statutory provisions in SCPA article 17-A. SCPA 1752 provides that a court "shall conduct a hearing" upon a petition for appointment of a guardian for a mentally retarded person over the age of 18. Here, Rosner was 30 at the time this proceeding was commenced. We reject respondents' argument that since there was proof presented that Rosner was incapable of understanding the proceedings, there was therefore no hearing required under SCPA 1752. SCPA 1752 provides that if a mentally retarded adult cannot understand the proceeding he need not be present at the hearing, not, as respondents claim, that a hearing need not be held.

Additionally, SCPA 1753, which provides for the appoint-

ment of a standby guardian, also requires a hearing if a mentally retarded adult is involved (SCPA 1753 [2]). Accordingly, this matter should be remitted to Surrogate's Court for a hearing.

As a final note, we are also of the opinion that in this case a guardian ad litem should have been appointed to represent Rosner. Although Rosner has never been judicially declared incompetent, it is alleged that he is unable to understand the proceedings. We are of the view that he was disabled within the meaning of SCPA 403 (2) and that a guardian ad litem was necessary to protect his interests (see, SCPA 103 [25], [40]). As to petitioners' remaining arguments, we reject them as lacking in merit.

Order reversed, on the law, without costs, and matter remitted to the Surrogate's Court of Sullivan County for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.